UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Philip Zadlo, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| YAS Partners 2, Inc., d/b/a/ Papa Johns, | ) |
| DRAS Partners, LLC., d/b/a PaPa Johns, | ) |
| and Anand Shanmugam, | ) |
| | ) |
| Defendants. | |

**COMPLAINT**

Plaintiff Philip Zadlo, by and through his counsel, O'Connor | O'Connor, P.C., hereby brings this Complaint against Defendants YAS Partners 2, Inc., DRAS Partners, LLC and Anand Shanmugam, and alleges as follows:

**NATURE OF ACTION**

1. Philip Zadlo ("Williams") brings this action to redress failure to accommodate and termination based on disability by his former employer in violation of the Americans with Disability Act, as amended (the "ADA") and the Illinois Human Rights Act ("IHRA").

2. Plaintiff also seeks to recover unpaid overtime wages Defendants willfully failed to compensate under the Fair Labor Standard Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Plaintiff further seeks to recover the difference between the wages Defendants

actually paid to him and the wages Defendants agreed to pay him under the Illinois Wage Payment and Collection Act ("IWPCA").

3. Defendants also interfered with Plaintiff's rights under the Family and Medical Leave Act ("FMLA") when they failed to notify Plaintiff of his job protected leave right even after learning of Plaintiff's serious health condition.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 1377 and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1322 and 1367.

4. Venue is proper under 28 U.S.C. 1391(b) because the events giving rise to the claims alleged herein occurred within the Northern District of Illinois.

5. Plaintiff has exhausted his administrative remedies and complied with the statutory prerequisites of the ADA and IHRA by filing charges with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights.

## FACTUAL ALLEGATIONS

6. Plaintiff is a 41-year-old male.

7. Defendant YAS Partners 2, Inc., d/b/a/ Papa Johns ("YAS") operates several pizza chain restaurants in Buffalo Grove and Prospect Heights, Illinois.

8. Defendant DRAS Partners, LLC ("DRAS") also operated a chain of Papa Johns franchise stores including the store located in Highland Park, Illinois.

9. Plaintiff received paychecks from both Yas and DRAS.

10. The State of Secretary of Illinois record shows that DRAS was involuntarily dissolved on December 4, 2020.

11. During the relevant time period, DRAS and YAS constituted an "enterprise" as that term is defined in the FLSA because they performed related activities through unified operation and/or common control for a common business purpose.

12. During the relevant time period, the defendant entity restaurants owned or operated by Defendant Shanmugam collectively engaged in well over $500,000 in annual revenue.

13. Plaintiff was employed at Defendant Papa Johns from April 2014 to November 20, 2020, when he was terminated by Defendant. At the time of termination, his position was a general manager.

14. In 2015, Defendant Anand Shanmugam ("Shanmugam") became a new owner of the Papa Johns restaurants Plaintiff worked for.

15. Defendant Shanmugam also owns and operates Papa Johns restaurants in Mount Prospect, Palatine, Prospect Heights, Schaumburg, Niles, and Streamwood, Illinois.

16. Plaintiff has 4 bulging discs in his spine and tear in the shoulder muscle. These conditions severely limit his major life activities such as lifting, bending, standing or working for a long time.

17. Defendants were aware of Plaintiff's medical issues because he informed Defendant Shanmugam of his disabilities and the need to limit his overtime hours on numerous occasions.

18. Throughout his employment, Plaintiff was required to work at least 50 hours per week and was threatened to be terminated unless he meets the 50-hour requirement.

19. In 2015, Defendant Shanmugam had a meeting with Plaintiff. In this meeting, Defendant Shanmugam presented the salaries Plaintiff would receive if he continued to work for Defendants.

20. According to this plan, he would receive $28,600 by January 2016; $29,900 by April 2016; $32,500 by April 2017; $35,100 by September 2017; $37,700 by March 2018; $40,300 by September 2018.

21. Defendant Shanmugam also promised to provide health insurance plan to Plaintiff when Plaintiff told him that he would lose his government subsidized health insurance if he worked more than certain hours.

22. When Plaintiff was promoted to a General Manager of the Buffalo Grove store in 2019, Defendant Shanmugam told Plaintiff that his annual salary would be $50,000 for working 50 hours per week.

23. Defendant Shanmugam also directed Plaintiff to help out the Prospect Heights store while working as a General Manager at the Buffalo Grove store.

24. Plaintiff worked about 20-30 hours per week at the Prospect Heights store in addition to working more than 50 hours per week at the Buffalo Grove store between 2018 and 2020.

25. Plaintiff did not perform any managerial duties while working at the Prospect Heights store and was directed to make food.

26. Plaintiff also had to make food frequently at the Buffalo Grove store because Defendant Shanmugam intentionally kept the store short staffed to save costs.

27. Even though Plaintiff was supposed to be a salaried employee as a General Manager, his pay rate on the POS system was $11.75 per hour.

28. Further, Defendants deducted his wages if Plaintiff did not work 50 hours per week even though he was supposed to be salaried.

29. Even after his promotion, Defendants did not pay Plaintiff the agreed upon $50,000 salary.

30. When Plaintiff asked why he was not paid overtime for the hours at the Prospect Heights location, Defendant Shanmugam told Plaintiff that he was not getting any compensation or overtime because he was a salaried employee.

31. Plaintiff worked extra hours and made food at the Prospect Heights location without any compensation at all.

32. When Plaintiff's long hours started to aggravate his disability, he requested a reasonable accommodation to reduce his mandatory overtime hours to take care of his health conditions but Defendants repeatedly ignored him.

33. In mid-November 2020, Plaintiff's disability symptoms became more severe and he asked Defendant to decrease his work hours so that he could take care of his symptoms and recover.

34. Defendants initially agreed that Plaintiff could work less hours if he could find someone to cover his hours but always found the reasons why the people Plaintiff found were not capable of taking over Plaintiff's duties.

35. Defendants did not allow other employees to cover Plaintiff's shift because they did not want to pay overtime to the employees who were covering for Plaintiff.

36. On or about November 20, 2020, Plaintiff arranged Mr. Connor Egle, an assistant manager at Prospect Heights location, to cover some of his hours because Mr. Egle was off on that day.

37. After finding this out, Defendant Shanmugam called Plaintiff and told Plaintiff that Mr. Egle could not cover his shift.

38. While on the phone with Defendant Shanmugam, Plaintiff reiterated his need for reduced hours as a reasonable accommodation.

39. Instead of engaging in communications or interactive process with Plaintiff, Defendant Shanmugam told Plaintiff that he was required to work 55 hours per week.

40. Defendant Shanmugam said "If you don't want to work 55-60 hours per week, you can get the fuck out of my store," and Plaintiff went outside of the store after finishing the phone call because he did not want to stay at the store after Defendant Shanmugam terminated him.

41. Shortly after that phone call, another manager of Papa Johns, Murat, arrived at the Buffalo Grove store. After complaining about the treatments that he had been subject to during his employment to Murat and Plaintiff left the premises.

-- COUNT I --
**Disability Discrimination – Failure to Accommodate
In Violation of the ADA and IHRA
(Against Defendant YAS)**

42. Plaintiff restates and incorporates the foregoing paragraphs here in Count I.

43. At all relevant times, Plaintiff was disabled within the meaning of the ADA because he suffered from 4 bulging discs in his spine and tear in the shoulder

muscle. These conditions severely limit his major life activities such as lifting, bending, standing or working for a long time.

44. At all relevant times, Plaintiff was capable of performing the essential functions of his job position as a General Manager with or without a reasonable accommodation.

45. While Plaintiff repeatedly asked to have reduced work hours while taking care of his health issues, Defendant failed to accommodate his disability.

46. Defendant refused to allow other employees to cover Plaintiff's shift and forced him to work more than 50 hours per week even when there were other employees who were able and willing to cover for his shift.

47. Instead of engaging in an interactive process, Defendant summarily terminated Plaintiff when he scheduled another employee to cover for his shift pursuant to his previous agreement with Defendant.

48. Defendant failed to accommodate Plaintiff's disability in violation of the ADA and IHRA.

49. Plaintiff was damaged by Defendant's unlawful actions, in that he lost substantial wages and benefits, and also experienced (and continues to experience) extreme humiliation, dismay, and emotional distress because it wantonly disregarded his rights and protections under the ADA.

**WHEREFORE**, Plaintiff Philip Zadlo respectfully seeks the following relief:

a. An award of back pay and benefits;

b. An award of compensatory and punitive damages in an amount to be determined at trial;

c. An award of pre and post judgment interest;

d. An award of the costs of this action and reasonable attorney's fees; and

e. Such other and further relief as this Court may deem just and equitable.

## -- COUNT II --
### Disability Discrimination – Termination
### In violation of the ADA and IHRA
### (Against Defendant YAS)

50. Plaintiff restates and incorporates the foregoing paragraphs here in Count II.

51. At all relevant times, Plaintiff was disabled within the meaning of the ADA because he suffered from 4 bulging discs in his spine and tear in the shoulder muscle. These conditions severely limit his major life activities such as lifting, bending, standing or working for a long time.

52. At all relevant times, Plaintiff was capable of performing the essential functions of his job position with or without a reasonable accommodation.

53. Defendant terminated Plaintiff because he asked Defendant to reduce his hours because of his disability.

54. By conduct including but not limited to that described above, Defendant intentionally discriminated against Plaintiff because of her disability in the enjoyment of the benefits, privileges, and terms and conditions of her employment, in violation of the ADA and IHRA.

55. By conduct including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's protected rights under the ADA and IHRA.

56. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment

**WHEREFORE**, Plaintiff Philip Zadlo respectfully seeks the following relief:

a. An award of back pay and benefits;

b. An award of compensatory and punitive damages in an amount to be determined at trial;

c. An award of pre and post judgment interest;

d. An award of the costs of this action and reasonable attorney's fees; and

e. Such other and further relief as this Court may deem just and equitable.

--- Count III ---

## Disability Discrimination – Retaliation
## In violation of the ADA and IHRA
## (Against Defendant YAS)

57. Plaintiff restates and incorporates the foregoing paragraphs here in Count III.

58. At all relevant times, Plaintiff was disabled within the meaning of the ADA because he suffered from 4 bulging discs in his spine and tear in the shoulder muscle. These conditions severely limit his major life activities such as lifting, bending, standing or working for a long time.

59. At all relevant times, Plaintiff was capable of performing the essential functions of his job position with or without a reasonable accommodation.

60. Plaintiff requested a reasonable accommodation to reduce his mandatory overtime hours but Defendant repeatedly ignored him.

61. Defendant retaliated against and terminated Plaintiff because he requested a reasonable accommodation which is a protected activity under the ADA and IHRA.

62. Plaintiff was damaged by Defendant's unlawful actions, in that he lost substantial wages and benefits, and also experienced (and continues to experience) extreme humiliation, dismay, and emotional distress, because his employer treated him differently and adversely because of his disability, and because it wantonly disregarded his rights and protections under the ADA and IHRA.

**WHEREFORE**, Plaintiff Philip Zadlo respectfully seeks the following relief:

a. An award of back pay and benefits;

b. An award of compensatory and punitive damages in an amount to be determined at trial;

c. An award of pre and post judgment interest;

d. An award of the costs of this action and reasonable attorney's fees; and

e. Such other and further relief as this Court may deem just and equitable.

## --COUNT IV--
### Failure to Pay Overtime Wages
### In Violation of the FLSA
### (Against Defendants YAS, DRAS, and Shanmugam)

63. Plaintiff restates and incorporates the foregoing paragraphs here in Count IV.

64. While Defendants claimed that Plaintiff was a salaried employee, Plaintiff was paid hourly at the rate of $11.25 in 2018 and $11.75 in 2019 and 2020.

65. At all relevant time, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (e) and 207 (a).

66. Defendants are covered employers under the FLSA at all relevant times.

67. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times his regular rates of pay for all hours worked in excess of forty (40) in any week.

68. Plaintiff worked at least 30-40 hour overtime hours per week between 2018 and 2020.

69. Plaintiff was not a salaried exempt employee, but Defendants failed to pay him overtime compensation.

70. Defendant Shanmugam is personally liable for the violation because he was aware that Plaintiff was not paid on a salary basis but refused to pay overtime claiming that Plaintiff was not entitled to overtime compensation because he was a salaried employee.

71. Defendant Shanmugam is individually liable as "employers" under the broad definitions provided by the FLSA because he is an owner and operating manager of Papa Johns, holds supervisory authority over Plaintiff, maintains control over employment practices including but not limited to employee compensation and expense reimbursement, and is responsible for the decision not to pay Plaintiff overtime wages and agreed upon wages.

72. Defendants have at all times relevant failed and refused to pay compensation to Plaintiffs as described above.

73. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

**WHEREFORE,** Plaintiff Philip Zadlo respectfully seeks the following relief:

a. back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint;

b. Liquidated damages;

c. pre and post judgment interest with respect to the total amount of unpaid overtime compensation;

d. Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and

e. such additional relief as the Court deems appropriate under the circumstances.

## --COUNT V—
### Failure to Pay Overtime Wages
### In Violation of the IMWL
### (Against Defendants YAS, DRAS, and Shanmugam)

74. Plaintiff restates and incorporates the foregoing paragraphs here in Count V.

75. At all relevant times, Plaintiff was an employee under the meaning of the Illinois Minimum Wage Law (the "IMWL") as she worked as a sever for Defendant. 825 ILCS 105/3(d).

76. At all relevant times, Defendants were an employer under the meaning of the IMWL because it is a corporation employing more than one employee. 825 ILCS 105/3(c).

77. Plaintiff worked at least 30-40 hour overtime hours per week between 2018 and 2020.

78. Plaintiff was not a salaried exempt employee, but Defendants failed to pay him overtime compensation.

79. Defendant Shanmugam is personally liable for the violation because he was aware that Plaintiff was not paid on a salary basis but refused to pay overtime claiming that Plaintiff was not entitled to overtime compensation because he was a salaried employee.

80. Defendant Shanmugam is individually liable as "employers" under the broad definitions provided by the IMWL because he is an owner and operating manager of Papa Johns, holds supervisory authority over Plaintiff, maintains control over employment practices including but not limited to employee compensation and expense reimbursement, and is responsible for the decision not to pay Plaintiff overtime wages and agreed upon wages.

81. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

82. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

**WHEREFORE,** Plaintiff Philip Zadlo respectfully seeks the following relief:

   a. back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint;

   b. treble damages;

   c. penalty in the amount of 5% of the amount of such underpayments for each month following the date such underpayments remain unpaid;

   d. pre and post judgment interest with respect to the total amount of unpaid overtime compensation;

   e. Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and

   f. such additional relief as the Court deems appropriate under the circumstances.

## --COUNT VI--
### Failure to Pay Agreed Wages
### In Violation of the IWPCA
### (Against Defendants YAS, DRAS, and Shanmugam)

83. Plaintiff restates and incorporates the foregoing paragraphs here in Count VI.

84. Defendants are "employers" within the meaning of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS Section 115/2 because they are a corporation and individual located in Illinois with more than one employee, and make wage payments to employees.

85. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the IWPCA: he was an individual permitted to work by the

employer in an occupation, and under the control and direction of Defendants over the performance of his work.

86. Defendant Shanmugam promised Plaintiff would get a raise if he continued to work for Papa Johns and take on more hours and responsibilities.

87. Plaintiff continued worked for Defendant Papa Johns and performed all the additional duties such as working at several store location as directed by Defendants.

88. Pursuant to the Parties' agreement, Plaintiff would receive $15.63 per hour by April 2017; $16.88 per hour by September 2017; $18.13 by March 2018; $19.38 by September 2018.

89. Defendant Shanmugam and Plaintiff also specifically agreed upon $50,000 annual salary for working 50 hours per week when Plaintiff was promoted to a General Manager in 2019.

90. However, Plaintiff was never paid more than $11.75 per hour during his employment.

91. Further, Defendants did not provide a health insurance coverage to Plaintiff even though Defendants agreed to provide health insurance because Plaintiff lost his government sponsored health plan for working long hours for Defendants.

92. Defendants have intentionally violated and continue to violate the Illinois Wage Payment and Collection Act by willfully refusing and failing to pay Plaintiff pursuant to the agreement that the Parties had.

**WHEREFORE**, Plaintiff Philip Zadlo respectfully requests the following relief:

a. Order Defendants to make an accounting of all underpayments of Plaintiff's wages;

b. a judgment in the amount of underpayments due to Plaintiff as provided by the IWPCA;

c. statutory damages for Plaintiff provided by the IWPCA including pre and post judgment interests;

d. Award reasonable attorneys' fees and costs of this action as provided by the IMPCA; and

e. such other and further relief as this Honorable Court deems just and proper.

## COUNT VII
### FAMILY MEDICAL LEAVE ACT INTERFERENCE
**(Against Defendants YAS and Shanmugam)**

93. Plaintiff restates and incorporates the foregoing paragraphs here in Count VII.

94. Defendant Papa Johns is an employer under the FLMA because it employs at least 50 employees in a 75-mile radius.

95. Plaintiff worked for at least 1,250 hours in the previous 12-month period.

96. Plaintiff complained about his back issues and told Defendants that he needed to work less hours to take care of his health issues which constitutes a notice of serious health conditions to Defendants under the FMLA.

97. Even though Plaintiff was entitled to leave under the FMLA, Defendants failed to provide him with notice or information about his right to take job-protected leave.

98. Instead of providing a leave under the FMLA, Defendants forced Plaintiff to work more than 50 hours per week and ultimately terminated him.

99. Defendant Shanmugam is individually liable because he is a supervisor and he failed to notify Plaintiff of his FMLA rights and actively interfered with such rights by forcing him to work prolonged hours.

100. By conduct including, but not limited to that described above, Defendant interfered with Plaintiff's rights under the FMLA.

101. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Philip Zadlo seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under the FMLA;

b. An award of all salary, wages, and benefits;

    c. An award of liquidated damages;

    d. An award of the costs of this action and reasonable attorney's fees;

    e. such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

    Respectfully Submitted,
    Philip Zadlo,
    By: /s/ Heewon O'Connor.
    One of Plaintiff's Attorneys

Heewon O'Connor (ARDC# 6306663)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 212
Elmhurst, IL 60126
Tel. 630-903-6397
Fax. 630-658-0336
heewon@oconnor-oconnor.com